IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                                           CRIMINAL No. 16-2937-MCA

RUDIS ALEXANDER CORNEJO,

Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on the *United States' Motion for Reconsideration of the Court's Order Suppressing Evidence (Doc. 36)*, filed June 8, 2017. [Doc. 41] The Court has considered the written submissions of the parties, the record, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Government's *Motion* shall be denied.

"[A] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). "A motion to reconsider is not a second chance for the losing party to make its strongest case[,]" "to revisit issues that have already been addressed[,]" "or to dress up arguments that previously failed." *Id.* Specific situations where circumstances may warrant reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

The Government advances three arguments in support of its *Motion*, none of which persuade the Court that reconsideration of its *Order Suppressing Evidence* is warranted. In addressing the Government's *Motion*, the Court relies upon the findings of fact and analysis set forth in that *Order* [Doc. 36], which is incorporated herein by reference.

The Government argues that Deputy Armijo had reasonable suspicion to believe that Defendant violated NMSA 1978, § 66-7-305, therefore the traffic stop was valid under the Fourth Amendment. [Doc. 41 p. 3-6] This argument, having been pursued by the Government in its *Response to [Defendant's] Motion to Suppress Evidence* and at the April 26, 2017 evidentiary hearing on Defendant's *Motion to Suppress Evidence*, and having been considered and rejected by the Court should not have been resubmitted in the context of a motion to reconsider. *See Huff*, 782 F.3d at 1224 (stating that a motion to reconsider should not be used to revisit issues that have already been addressed or to dress up arguments that previously failed).

To briefly summarize the Court's ruling on the matter of reasonableness, it is not plausible that Deputy Armijo while travelling on the interstate at 70-75 miles per hour, which necessarily required him to attend the flow of traffic, could, by glancing in his rearview mirror from a distance of one-half of a mile, reasonably conclude that the commercial truck swerved *because* Defendant was travelling too slowly. Considering that Deputy Armijo was 2,625 feet ahead of the two vehicles, his ascription of fault to Defendant for the commercial truck's traffic maneuver was not reasonable, and did not justify the traffic stop. *See Terry v. Ohio*, 392 U.S. 1, 27 (1968) ([D]etermining whether

the officer acted reasonably" requires the Court to give due weight "not to his inchoate . . . suspicion or hunch, but to the specific *reasonable* inferences[.]" (emphasis added)).

The Government argues, next, that "[e]ven if the facts of this case do not support stopping Defendant under [Section] 66-7-305, that would essentially be a mistake of law," and reasonable mistakes of law do not necessarily undermine reasonable suspicion. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) ("[R]easonable men make mistakes of law . . . and such mistakes are no less compatible with the concept of reasonable suspicion" than mistakes of fact.). To that end, the Government reasons that

> Deputy Armijo testified that 'the normal flow of traffic' that he observed impeded was the 'tractor-trailer rig having to switch to the left lane. If this is insufficient to be a violation [of] [S]ection 66-7-305 . . . then it is a mistake of law. And it is a reasonable one—when there is an abrupt movement by a trailing truck as it comes up against a leading car, it is certainly reasonable to think that either could be involved in a traffic violation. Deputy Armijo, whose main duty is to enforce traffic laws and ensure safe motoring on the Interstate, assessed in that moment that it was Defendant who was driving too slowly. If this was an improper understanding and execution of [S]ection 66-7-305, it was reasonable and thus proper under the Fourth Amendment, meaning the evidence should not be suppressed.

[Doc. 41 p 8-9] Thus, the Government's "mistake of law" argument is essentially a reiteration of its position on reasonable suspicion. The Court, having fully addressed the reasonableness of Deputy Armijo's suspicion, declines to consider the matter further.

Finally, the Government argues that the Court erred by failing to balance "the benefit of suppression against its considerable costs." [Doc. 41 p. 9] Specifically, based upon Deputy Armijo's testimony that he would "absolutely" initiate a future traffic stop under circumstances in this case, the Government reasons that suppression will have no

deterrent effect upon Deputy Armijo's actions (the ostensible "benefit" of suppression), yet suppression will bear a "considerable cost" to society. [Doc. 41 p. 9] In support of its cost-benefit argument, the Government cites *United States v. Webster*, 809 F.3d 1158, 1170-71 (10th Cir. 2016).

The *Webster* court examined the propriety of suppressing all evidence seized at a residence by narcotics officers pursuant to a valid search warrant based on the fact that another group of officers (the SCORE officers) stole property from the residence before the narcotics officers entered the house to conduct their search. *Id.* at 1160-61. Concluding that there was "no connection between the SCORE officers' criminal conduct" (for which they had been criminally prosecuted) and the evidence properly seized by the narcotics officers," the court determined that the evidence should not be suppressed because "the societal costs outweigh the benefits of exclusion of the evidence." *Id.* at 1170-71. The facts and circumstances in *Webster* are so far afield of the circumstances here that the Government's invocation of the *Webster* Court's reasoning is unavailing in this context.

To accept the Government's cost-benefit argument in the context of this case would be to vitiate the Fourth Amendment's protection against unreasonable seizures. "The exclusionary rule was adopted to effectuate the Fourth Amendment right of all citizens to be secure . . . against unreasonable . . . seizures. Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal . . . seizure." *United States v. Calandra*, 414 U.S. 338, 347 (1974). Deputy Armijo violated Defendant's Fourth Amendment right to be free

from an unreasonable seizure by initiating a traffic stop without reasonable suspicion that Defendant had violated the law.  To the extent that Deputy Armijo would do so again, undeterred by the Court's determination that the stop was unconstitutional does not bear on the propriety of suppressing the evidence.  *See* Wayne R. LaFave, Search and Seizure, § 1.2(d) (5th ed. 2012) ("The exclusionary rule is not aimed at special deterrence since it does not impose any direct punishment on a law enforcement official" who has contravened the Fourth Amendment; rather, it "is aimed at affecting the wider audience of law enforcement officials and society at large.  It is meant to discourage violations by individuals who have never experienced any sanction for them."); *Calandra*, 414 U.S. at 347 (recognizing that the primary purse of the exclusionary rule is "to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures").

In summary, in keeping with the Fourth Amendment's protection against unreasonable seizures, the evidence obtained as a result of Deputy Armijo's unconstitutional traffic stop of Defendant has been suppressed.  The Government's arguments in support of its Motion for Reconsideration are not persuasive.

**CONCLUSION**

For the reasons stated herein, the *United States' Motion for Reconsideration of the Court's Order Suppressing Evidence (Doc. 36)* is **DENIED**.

**IT IS SO ORDERED** this 11th day of September, 2017, in Albuquerque, New Mexico.

                                                                     _____
                                                                     **M. CHRISTINA ARMIJO**
                                                                     **Chief United States District Judge**